UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ULALIO CHAVEZ, | § |
| *Plaintiff* | § § § |
| VS. | §   CIVIL ACTION NO. 7:16-CV-00207 |
| SCOTTSDALE INSURANCE COMPANY, ROBERT DRUCK | § § § |
| *Defendants* | § § |

## SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") files its Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following.

### I.
### Factual Background

1.     On December 14, 2015, Plaintiff Ulalio Chavez ("Plaintiff") filed his lawsuit in Hidalgo County, Texas, naming Scottsdale and Robert Druck ("Druck") as defendants.

2.     Scottsdale received notice of this lawsuit on April 11, 2016 via a letter from the the Texas Department of Insurance.

3.     Scottsdale files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). All such documents are fully incorporated herein by reference and as if fully set forth herein.

5. Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;
- **Exhibit B:** State Court file, including (1) Plaintiffs' Original Petition, (2) Scottsdale's Original Answer;
- **Exhibit C:** List of Parties and Counsel

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division include Hidalgo County, Texas, the place where the removed action has been pending.

## II.
## Basis for Removal

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.  Plaintiffs and all non-fraudulently joined Defendants are diverse.**

8. Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas.

9. Defendant Scottsdale Insurance Company was, and at the date of this Notice, remains, an Ohio corporation with its principal place of business in Arizona. Scottsdale is authorized to transact business and has transacted business in Texas.

10. Defendant Druck, who is not a proper party to this lawsuit, is a citizen of the State of Texas.

**B.  Defendant Druck has been improperly joined in this lawsuit.**

11. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim

against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Scottsdale will show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Here, Druck has not committed a tort in his individual capacity which was the producing cause of damages to Plaintiff independent of the damages asserted against Scottsdale for alleged failure to pay the claim.

12.     The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).

13.     Here, Plaintiff fails to offer any specific facts in support of his claims against Druck that are distinct from Plaintiff's claims against Scottsdale and thus, he fails to make the required "factual fit between [his] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Further, Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code

and contain no reference to any material facts to which the law should apply.[1] Plaintiff's Original Petition actually alleges nothing more than generic assertions that "ADJUSTER DEFENDANT" violated Chapter 541 of the Insurance Code without stating how such violations were the producing cause of damage independent of the damages reportedly caused by Scottsdale's failure to pay the claim. Plaintiff's Petition alleges that Druck conducted an "outcome-oriented investigation" without stating what is meant by or any examples of the alleged "outcome-oriented" investigation. In Texas, "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits."[2]

---

[1] Compare § VI(A) of Plaintiff's Original Petition with TEX. INS. CODE. ANN §§ 541.060 (a)(1), (2)(A)-(B),(3), (4)(A) and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> (B)  a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;
>
> ****
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to:
> (A) affirm or deny coverage of a claim to a policyholder; or
> ****
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

[2] *See, e.g., Parkans Int'l v. L.L.C.. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002); *Provident American Ins. Co. v. Casteneda*, 988 S.W.2d 189 (Tex. 1999); *DaimlerChrysler Ins. Co. v. Apple*, 265 S.W.3d 52, 70 (Tex. App. – Houston [1st Dist.] 2008), *aff'd in part and rev'd on other grounds*, 297 S.W.3d 248 (2009). Plaintiff must demonstrate both extreme conduct and damages that are independent of the benefits of the insurance policy. *Casteneda*, 988 S.W.2d 189, 198–99 (Tex. 1998); *Lexington Ins. Co. v. JAW The Pointe, LLC*, 2013 WL 3968445 (Tex.App.--Houston [14th Dist.] 2013, pet. filed) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex 2002)).

14. Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the adjuster Defendant Druck constitutes a failure to state a claim and results in fraudulent joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent). Based upon the foregoing, Druck has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

15. Further, without asserting facts as to how Druck, individually and not as an agent of Scottsdale committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal. *See Twombly*, 550 U.S. at 555. Generic allegations will not support

an arguable basis of individual liability against the individual Non-Insurer Defendants. *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007); *see also Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-01087, 2015 WL 5098047 (N.D. Tex. Aug. 15, 2015) (holding that removal was proper because the adjuster could not be held liable under various provisions of Texas Insurance Code Chapter 541 and was improperly joined). Here, the alleged harm is Scottsdale's failure to pay the claim.

16. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Scottsdale owes Plaintiff any amount for a covered loss. Plaintiff's claim is for economic losses against Scottsdale, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim precludes claims of bad faith and Insurance Code violations as a matter of law. Therefore, Plaintiff's assertions against Druck, the non-diverse defendant, fail to show any likelihood of recovery against Druck, individually. The citizenship of the non-diverse defendant Druck, therefore, is disregarded and removal of this case is proper. It is not necessary to procure an improperly joined defendant's consent to removal.

C. **The amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction.**

17. As alleged in its Original Petition, Plaintiff seeks monetary relief that totals more than $100,000 but not more than $20,000. (*See* Ex. B., Pl's Orig. Pet. §XI.)

18. For this reason, the amount in controversy exceeds the jurisdictional requirements.

## III.
## The Removal is Procedurally Correct

19. Scottsdale received notice of this lawsuit on April 11, 2016. Thus, Scottsdale is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

20. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

21. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

22. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

23. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Hidalgo County District Court pursuant to 28 U.S.C. §1446(d).

## IV.
## Conclusion

24. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

>Respectfully submitted,
>
>**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
>
>By: */s/ George H. Arnold*
>George H. Arnold, Attorney-In-Charge
>S.D. Tex. Bar No. 15948
>State Bar No. 00783559
>garnold@thompsoncoe.com
>Lauren E. Figaro
>S.D. Tex.  Bar No. 498005
>State Bar No. 24087510
>lfigaro@thompsoncoe.com
>One Riverway, Suite 1400
>Houston, Texas 77056
>Telephone: (713) 403-8210
>Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing instrument was delivered to all known parties and/or counsel of record by electronic and/or facsimile on this the 2nd day of May, 2016.

>Kevin S. Baker
>Perry Dominguez
>KETTERMAN ROWLAND & WESTLUND
>16500 San Pedro, Suite 302
>San Antonio, Texas 78232
>*Attorneys for Plaintiffs*

>>*/s/ Lauren E. Figaro*
>>Lauren E. Figaro